UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **URSULINES, L.L.C.** | **CIVIL ACTION** |
| **VERSUS** | **NO:  14-2500** |
| **REGIONS BANK AND ABC INSURANCE COMPANY** | **SECTION: "S" (1)** |

ORDER AND REASONS

**IT IS HEREBY ORDERED** that Regions Bank's Motion to Reconsider Denial of Motion for Summary Judgment, Motion for Partial Summary Judgment, and Motion for Findings Pursuant to Rule 56(g), Fed. R. Civ. Pro. and Motion for Summary Judgment on Remaining Claims (Doc. #37) are **DENIED**.

BACKGROUND

This matter is before the court on a motion filed by defendant, Regions Bank.  Regions seeks reconsideration of this court's April 10, 2015, Order and Reasons (Doc. #36) denying its motion for summary judgment on the application of the doctrine of res judicata (Doc. #15).  Alternatively, Regions seeks partial summary judgment or a ruling under Rule 56(g) of the Federal Rules of Civil Procedure finding that some of plaintiff's claims are precluded under the doctrine of res judicata, and summary judgment on plaintiff's remaining claims.

In 2005, Ursulines sought to purchase vacant land in the Tremé neighborhood of New Orleans, Louisiana for the purpose of developing a condominium complex.  On July 8, 2005, Regions' predecessor in interest, AmSouth Bank, wrote to Cesar Burgos, Ursulines' representative, discussing the possibility of AmSouth's providing a construction loan to Ursulines, and outlining the terms and conditions of any such loan.  That correspondence stated that it was "for discussion purposes only" and that "[t]his letter is not to be construed as a commitment to lend, but as an

expression of [AmSouth's] interest in providing the financing outlined above."  One of the terms of the proposal was the pre-sale of five of the condominium units.

On July 13, 2005, AmSouth issued a commitment letter to Burgos, in which it agreed to lend Ursulines $1,050,000 or 80% of the acceptable appraised value of the land or 75% of the contract price for the purchase of the land.  The commitment letter did not include discussion of the construction loan that was proposed in the July 8, 2005, communication.

On August 12, 2005, a certified appraiser valued the property at $1,400,000.  On August 15, 2005, Ursulines purchased the property for $1,400,000, and executed a loan agreement and a promissory note secured by a mortgage on the property in favor of AmSouth in the principal amount of $1,050,000.  Thereafter, Ursulines engaged an architect to design the condominium complex, and began to pre-sell the properties.  By August 29, 2005, Ursulines had pre-sold five units.

In February 2006, a certified appraiser reconfirmed that the value of the land was $1,400,000, and found that the value of the proposed improvements had a prospective market value of $7,600,000.

In May 2006, AmSouth merged with Regions, and Regions became the owner of the August 15, 2005, loan agreement and promissory note.  However, Regions would not offer Ursulines a construction loan conforming to the terms that AmSouth outlined in the July 8, 2005, proposal. Instead, Regions required Ursulines to pre-sell all of the units to obtain the construction loan.

Thereafter, Ursulines renewed the promissory note with Regions several times, each time extending its maturity date.  Ursulines alleges that it timely made all payments on the loan and reduced the principal balance while Regions held it.  Ursulines claims that it invested over

2

$1,094,730 toward the project, and Regions' new requirements to obtain the construction loan rendered impossible the condominium construction project.

Ursulines alleges that in August 2009, it learned that the loan was placed in Regions' "'Special Assets' division, typically reserved for non-payment loan accounts," and was informed that Regions "wished for Ursulines to either move the loan or 'right-size' the loan." Ursulines also alleges that it "learned that Regions had conducted an appraisal of the Property in November 2008 and valued the property at: $575,000, which was 41% of the appraised value in August 2005." Ursulines claims that the November 2008 appraisal was incorrect because the property did not flood during Hurricane Katrina or Hurricane Rita and was adjacent to the French Quarter, and that Regions would not provide Ursulines with a copy of the appraisal.

Ursulines alleges that Regions then became "unyielding in its refusal to extend the maturity date of the loan beyond September 25, 2009," and Ursulines "was thus forced to seek assistance from another lending institution before discharging the loan, and also incur additional refinancing costs."

Ursulines sought to refinance the loan with First NBC Bank.  First NBC conducted an appraisal of the land on September 15, 2009, and found its value to be $1,215,000, which was 86% of the August 2005 appraisal value. However, First NBC would refinance only 70% of the appraised value, which was $789,750.  Thus, Regions retained the remaining $218,224 of the mortgage note, "and Ursulines was told to move the note or Regions would move forward with defaulting Ursulines and its guarantors on its mortgage note."  Ursulines alleges that it:

> was forced to abandon the condominium construction project and due
> to Regions['] ardent pursuit of defaulting Ursulines on the property[,]
> on May 18, 2010[,] had to sacrifice the project and the valuation of
> the construction, even recognized by Regions, and sell the Property

to a third party purchaser for one million two-hundred and fourteen thousand dollars ($1,214,000.00) at a great loss to Ursulines, between interest payments, principal payments, architecture fees, and loss of business opportunity in excess of three million eight hundred thousand dollars ($3,800,000.00).

Ursulines alleges that Regions is liable for breach of contract, bad faith, error, detrimental reliance, unjust enrichment, loss of business opportunity and unfair trade practices due to its actions regarding the parties' business relationship stemming from the August 15, 2005, loan agreement and promissory note and any renewals thereof.

### Civil Action No. 12-2974

In 2012, Ursulines filed a lawsuit against Regions. Ursulines, L.L.C. v. Regions Bank and ABC Ins. Co., Civil Action No. 12-2974, (E.D. La.). In that action, Ursulines alleged that Regions damaged Ursulines by failing to offer Ursulines a construction loan that conformed to the terms proposed by AmSouth in July 2005. Ursulines alleged that, as a result of Regions' failure to lend, it was forced to abandon the condominium project and lost profits and pre-paid out-of-pocket expenses. Ursulines contended that Regions is liable to it under the theories of breach of contract, fraud, detrimental reliance and unjust enrichment.

Regions filed a motion to dismiss, or alternatively, motion for summary judgment, arguing that Ursulines could not maintain a cause of action against it for failure to lend money to Ursulines because there was never a credit agreement that meets the requirements of Louisiana law. In support of its motion, Regions attached the affidavit of its Assistant Vice President, John W. "Casey" Thornton, Jr. Thornton attested that he maintains the pertinent records at the bank, and there was no credit agreement for the construction loan, only the July 8, 2005, proposal that specifically states that it is not a commitment to lend.

4

Ursulines argued that its claims were not entirely about the proposed construction loan, but rather that Regions' inducement of Ursulines to enter into the loan to purchase the property, and its detrimental reliance on Regions' representations regarding the construction loan. Ursulines also argued that whether Regions acted fraudulently during the parties' business relationship is a fact question that could not be determined on summary judgment.

This court granted Regions' motion, finding that Ursulines could not maintain an action against Regions under Louisiana law regarding Regions' alleged oral agreement to enter into the construction loan with Ursulines. Specifically, the court applied Louisiana Revised Statutes § 6:1122, which provides that "[a] debtor shall not maintain an action on a credit agreement unless the agreement is in writing, expresses consideration, sets the relevant terms and conditions, and is signed by the creditor and the debtor," and held that the lack of a writing was dispositive. As a result, this court dismissed with prejudice, Ursulines' complaint in Civil Action No. 12-2974 in which Ursulines sought to bring claims against Regions regarding Regions' alleged oral agreement to extend the construction loan to Ursulines.

### Civil Action No. 14-2500

On October 30, 2014, Ursulines filed the current lawsuit, Civil Action No. 14-2500. This time, Ursulines claims that Regions is liable to it because Regions acted in bad faith with respect to the administration of the August 15, 2005, land loan agreement and promissory note and any renewals thereof. Regions filed a motion for summary judgment arguing that this court's dismissal of Ursulines' prior suit bars this action under the doctrine of res judicata. Regions pointed out that the complaints are nearly identical, and Ursulines could, and should, have brought any claims regarding the land loan in the first action.

On April 10, 1015, this court denied Regions' motion for summary judgment finding that res judicata did not apply because:

> The central claim of Civil Action No. 12-2974 was that Regions harmed Ursulines by failing to offer Ursulines a construction loan that conformed to the terms proposed by AmSouth in July 2005. The central claim of Civil Action No. 14-2500 is that Regions acted in bad faith in its administration of the August 15, 2005, loan agreement and promissory note and any renewals thereof. These claims are entirely different. The court's holding in its May 21, 2013, Order and Reasons dismissing Civil Action No. 12-2974 addressed only the application of the Louisiana Credit Agreement Statutes, which requires that such agreements be in writing, to the alleged oral agreement. It did not address the merits of Ursulines' claims regarding Regions' actions concerning the administration of the August 15, 2005, loan agreement and promissory note and any renewals thereof. It is undisputed that the August 15, 2005, loan agreement and promissory note were in writing as required by La. Rev. Stat. § 6:1122, and applying that statute would not result in the dismissal of Ursulines' claims asserted in this lawsuit. Therefore, Ursulines' claims in this suit are not the same as those asserted in Civil Action No. 12-2974, and are not barred by the doctrine of res judicata.

Doc. #36.

Regions seeks reconsideration of that order. Regions argues that the court relied on Ursulines' opposition to the motion for summary judgment, rather than a comparison of the complaint filed in this case and the petition filed in the prior action. Regions contends that the complaint and petition are nearly identical, and that the only material difference is in paragraph 7 of the petition and paragraphs 7 and 8 of the complaint. Paragraph 7 of the petition in Civil Action No. 12-2974 states:

> Thereafter, on August 15, 2005, AmSouth approved a commercial development loan in the amount of four million and eight hundred thousand dollars ($4,800,000). Of this loan, one million and four hundred thousand dollars ($1,400,000) would become available immediately for the purchase of the land property. The remaining

funds, three million and four hundred thousand ($3,400,000.00), for the construction of the condominium complex, would be available as a line of credit and required that five (5) units be presold prior to commencing disbursement of the funds.

Civil Action No. 12-2974, Doc. #1-1.

Paragraphs 7 and 8 of the complaint in Civil Action No. 14-2500 state, in pertinent part:

7.

Thereafter, on August 15, 2005, AmSouth approved a commercial development loan in the amount of one million and four hundred thousand dollars ($1,400,00.00) that would become available immediately for the purchase of the land property. This Complaint concerns Regions actions related to this loan and its breach of this loan agreement.

8.

Ursulines and AmSouth, Regions predecessor in interest, also discussed and contemplated entering into a separate, later agreement for construction of the condominium complex development anticipated for the land purchased under the Loan. This anticipated loan would be for, three million and four hundred thousand ($3,400,000.00) would require that five (5) units be presold prior to commencing disbursement of the funds.

Civil Action No. 12-2974, Doc. #1-1.

Regions also points out that the prayers for relief in the complaint and petition are identical,

stating:

Defendants are liable for damages occasioned unto Ursulines as a result of Defendants actions outlined, above, including but not limited to:

a)  failure to honor terms of agreement on which the loan was predicated, and

b)  all costs paid by Ursulines in furtherance of the construction project, whether loan payment, marketing, planning or otherwise, and

7

c)   lost profits resulting form the inability to complete the contemplated construction project, and

d) losses resulting from Defendants having forced Ursulines to "right size" the loan, and

e) losses resulting from Defendants having failed to present Burgos with a copy of the alleged appraisal that significantly undervalued the property, and

f) losses resulting from the forced sale of the Property to a third party purchaser, and

g) other damages to be shown at trial or hearing thereon.

Civil Action No. 12-2974, Doc. #1-1, at paragraph 42; Civil Action No. 12-2974, Doc. #1-1 at

paragraph 45.

Regions argues that:

. . . if the allegations in both documents are virtually identical, other than making it clear that the loan was for $1,400,000.00, not $4,800,000.00, if the petition in the first action did not seek relief for the way in which the original loan was administered, the complaint in this action CANNOT be asserting those claims.

If, on the other hand, the complaint in the second action IS asserting claims for the way in which the one and only loan transaction was administered, th[e]n the petition in the first case, which contains the identical factual allegations, had to also have asserted those claims.

Civil Action No. 12-2974, Doc. #40.  Thus, Regions argues that all of the causes of action were

disposed of in Civil Action No. 12-2974, and res judicata applies to prevent the relitigaiton of those

claims in this action.

Alternatively, Regions seeks partial summary judgment or a ruling under Rule 56(g) of the

Federal Rules of Civil Procedure finding that some of Ursulines' claims are precluded under the

doctrine of res judicata and summary judgment on plaintiff's remaining claims.  Regions points to

8

various allegations and claims in the complaint that it contends relate only to the alleged oral construction loan.  Regions argues that, because this court found in Civil Action No. 12-2974 that by application of Louisiana Revised Statutes § 6:1122 Ursulines could not bring claims against Regions regarding the alleged oral contract, Ursulines cannot seek damages related to it in this case. Regions then argues that it is entitled to summary judgment on Ursulines' remaining claims because there are no facts alleged to support claims those claims or that they are prescribed.

Ursulines opposes the motion arguing that Regions has not presented any new facts or evidence to support reconsideration of this court's April 10, 2015, Order and Reasons.  Ursulines also argues that summary judgment on any issue is premature because no discovery has been conducted.

## ANALYSIS

### A.      Regions' Motion for Reconsideration

Regions has moved the court to reconsider its April 10, 2015, ruling denying Regions' motion for summary judgment.  Rule 54(b) of the Federal Rules of Civil Procedure states, in pertinent part:

> [A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Under this rule, the district court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." Melancon v. Texaco, Inc., 659 F.2d 551, 553 (5th Cir. 1981).  A denial of a motion for summary judgment is an interlocutory order. See Fed. R. Civ. P. 54(b); see also Lavespere v. Niagara Machine & Tool Works, Inc., 910 F.2d 167,

185 (5th Cir. 1990), *abrogated on other grounds by* <u>Little v. Liquid Air Corp.</u>, 37 F.3d 1069, 1075 n. 14 (5th Cir. 1994) (en banc). However, the district court must exercise this broad discretion sparingly to forestall the perpetual reexamination of orders and the resulting burdens and delays. <u>See Calpeco 1981 v. Marshall Exploration, Inc.</u>, 989 F.2d 1408, 1414-15 (5th Cir. 1993); 18B CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 4478.1(2d ed. 2002).

The general practice in the United States District Court for the Eastern District of Louisiana has been to evaluate motions to reconsider interlocutory orders under ths same standards that apply to motions to alter or amend final judgments made pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. <u>See Rosemond v. AIG Ins.</u>, 2009 WL 1211020, at *2 (E.D. La. 5/4/09) (Barbier, J.); <u>In re Katrina Canal Breaches</u>, 2009 WL 1046016, at *1 (E.D. La. 4/16/09) (Duval, J.); <u>Castrillo v. Am. Home Mortg. Servicing, Inc.</u>, 2010 WL 1434398, at * 3-4 (E.D. La. 4/5/10) (Vance, J.). A Rule 59(e) motion calls into question the correctness of a judgment. <u>In re Transtexas Gas Corp.</u>, 303 F.3d 571, 581 (5th Cir. 2002). "Rule 59(e) is properly invoked to correct manifest errors of law or fact or to present newly discovered evidence." <u>In re Transtexas Gas Corp.</u>, 303 F.3d at 581. "A Rule 59(e) motion should not be used to relitigate prior matters that should have been urged earlier or that simply have been resolved to the movant's dissatisfaction." <u>In re Self</u>, 172 F. Supp. 2d 813, 816 (W.D. La. 2001).

Regions has not demonstrated that reconsideration is warranted. Instead, Regions re-urges arguments it made in support of its motion for summary judgment. Further, Regions has not shown that the court erred. After carefully analyzing the complaint, petition, and this court's Order and Reasons dismissing Civil Action No. 12-2974, the court concluded that the causes of action asserted in the two lawsuits were different because the ruling in Civil Action No. 12-2974 that Louisiana

10

Revised Statutes § 6:1122 precluded Ursulines from pursuing claims related to the alleged oral agreement regarding the construction loan would not apply to preclude Ursulines from litigating claims in this lawsuit related the administration of the land loan, which was in writing. Therefore, Regions' motion to reconsider is DENIED.

**B.    Regions' Motion for Partial Summary Judgment, Motion for Findings Pursuant to Rule 56(g) and Motion for Summary Judgment on Remaining Claims**

Regions moves for partial summary judgment or for a finding under Rule 56(g) that some of Ursulines' claims are precluded under the doctrine of res judicata because they related to the alleged oral agreement regarding the construction loan, and summary judgment on Ursulines' remaining claims.

Rule 56 of the Federal Rules of Civil Procedure provides that the "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Granting a motion for summary judgment is proper if the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits filed in support of the motion demonstrate that there is no genuine issue as to any material fact that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 106 S.Ct. 2505, 2509-10 (1986). The court must find "[a] factual dispute . . . [to be] 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party . . . [and a] fact . . . [to be] 'material' if it might affect the outcome of the suit under the governing substantive law." Beck v. Somerset Techs., Inc., 882 F.2d 993, 996 (5th Cir. 1989) (citing Anderson, 106 S.Ct. at 2510).

If the moving party meets the initial burden of establishing that there is no genuine issue, the burden shifts to the non-moving party to produce evidence of the existence of a genuine issue for

trial.  <u>Celeotex Corp. v. Catrett</u>, 106 S.Ct. 2548, 2552 (1986).  The non-movant cannot satisfy the summary judgment burden with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence.  <u>Little v. Liquid Air Corp.</u>, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).  If the opposing party bears the burden of proof at trial, the moving party does not have to submit evidentiary documents to properly support its motion, but need only point out the absence of evidence supporting the essential elements of the opposing party's case. <u>Saunders v. Michelin Tire Corp.</u>, 942 F.2d 299, 301 (5th Cir. 1991).

Rule 56(g) provides: "If the court does not grant all the relief requested by the motion, it may enter an order stating any material fact – including an item of damages or other relief – that is not genuinely in dispute and treating the fact as established in the case."  This Rule uses the term "may" and is discretionary. <u>See</u> <u>U.S. Bank v. Verizon</u>, 761 F.3d 409, 425 n. 15 (5th Cir. 2014).

There has been no discovery conducted in this case. It would be premature at this juncture to issue summary judgment as to any of Ursulines' claims, or to determine which facts are undisputed under Rule 56(g).  Thus, Regions' motion for partial summary judgment, rulings under Rule 56(g), and for summary judgment as to remaining claims is DENIED.  Regions may re-file such motion after discovery has been conducted.

**CONCLUSION**

**IT IS HEREBY ORDERED** that Regions Bank's Motion to Reconsider Denial of Motion for Summary Judgment, Motion for Partial Summary Judgment, and Motion for Findings Pursuant to Rule 56(g), Fed. R. Civ. Pro. and Motion for Summary Judgment on Remaining Claims (Doc. #37) are **DENIED**.

12

New Orleans, Louisiana, this  25th  day of June, 2015.

**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**